IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLIFFORD LEWIS, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:22-cv-2754-N-BN |
| | § | |
| SYLVESTER LOUD, JR., ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiffs Clifford Lewis and Deone Lewis filed this lawsuit *pro se* against Defendant Sylvester Loud, Jr. and others, alleging that Loud and an entity that he owns breached an agreement between them and that Loud owes them hundreds of thousands of dollars. *See* Dkt. No. 3.

Plaintiffs paid the filing fee and obtained summonses. *See* Dkt. Nos. 5, 6. And Chief United States District Judge David C. Godbey has now referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Although Plaintiffs have paid the filing fee, after reviewing the complaint, the undersigned questions whether there is subject matter jurisdiction and, given the circumstances of this case, enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action for lack of subject matter jurisdiction.

These findings and conclusions provide Plaintiffs notice as to the jurisdictional

deficiencies. And the ability to file objections to the undersigned's recommendation that this case be dismissed for lack of jurisdiction (further explained below) offers them an opportunity to establish (if possible) that the Court does indeed have subject matter jurisdiction.

**Legal Standards**

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also Bowles v. Russell*, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims.").

They must therefore "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Correspondingly, all federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

Plaintiffs chose to file this lawsuit in federal court and, by doing so, undertook the burden to establish federal jurisdiction. *See Butler v. Dall. Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))).

And, if Plaintiffs do not, this lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Because federal jurisdiction is not assumed, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

In cases invoking jurisdiction under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy

must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

This amount "is determined by the amount of damages or the value of the property that is the subject of the action." *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012) (per curiam) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

And, "[f]or diversity purposes, state citizenship is synonymous with domicile. A change in domicile requires: '(1) physical presence at the new location and (2) an intention to remain there indefinitely.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam) (citations omitted); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.... Domicile requires the demonstration of two factors: residence and the intention to remain." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954))).

"The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos*, 516 F. App'x at 403 (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)). The United States Court of Appeals for the Fifth Circuit has therefore held "that a 'failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

Under Section 1331, federal question jurisdiction "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995))).

The "'creation' test … accounts for the vast bulk of suits under federal law." *Gunn*, 568 U.S. at 257 (citation omitted). But

> "a federal court [is also] able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." That is to say, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."

*Perez v. Se. SNF, L.L.C.*, No. 21-50399, 2022 WL 987187, at *3 (5th Cir. Mar. 31, 2022) (per curiam) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005), then *Gunn*, 568 U.S. at 258).

## Discussion

Plaintiffs fail to adequately allege a basis for diversity jurisdiction under Section 1332. In fact, the complaint suggests the opposite by providing that Plaintiffs and at least one of the defendants reside in Dallas County, Texas. *See* Dkt. No. 3 at 6. And the summonses as prepared by Plaintiffs and issued by the Clerk reflect service at addresses in Dallas County. *See* Dkt. Nos. 5, 6.

Turning to Section 1331, Plaintiffs' claims relate to the alleged breach of a business agreement between them and Loud. *See, e.g.*, Dkt. No. 3 at 6 (describing their cause as "money was not paid after work had been completed and all money was taken from business (joint) account without notice"). They therefore appear to raise a claim actionable under state law. And no facts alleged raise a substantial, disputed question of federal law. Nor do the well-pleaded allegations reflect that there is federal jurisdiction over a state law claim.

"The applicable test for determining jurisdiction on the face of the pleadings is not whether the plaintiffs could actually recover, but whether the federal claim alleged is so patently without merit as to justify the district court's dismissal for want of jurisdiction." *Suthoff v. Yazoo Cnty. Indus. Dev. Corp.*, 637 F.2d 337, 340 (5th Cir. Unit A Feb. 1981) (citing *Duke Power Co. v. Carolina Envtl. Study Grp., Inc.*, 438 U.S. 59 (1978)). Put another way, "[s]ome claims are 'so insubstantial, implausible, ... or otherwise completely devoid of merit as not to involve a federal controversy.'" *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1007 (5th Cir. 2019) (quoting *Oneida Indian Nation of N.Y. v. Oneida Cnty.*, 414 U.S. 661, 666 (1974)).

And "a complaint that alleges the existence of a frivolous or insubstantial federal question is not sufficient to establish jurisdiction in a federal court." *Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. Unit A Mar. 1981) (citing *Olivares v. Martin*, 555 F.2d 1192, 1195 (5th Cir. 1977); *Hagans v. Levine*, 415 U.S. 528, 538-39 (1974)); *see also Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 342 (5th Cir. 1977) (a claim "must be more than frivolous to support federal

question jurisdiction").

In sum, while Plaintiffs check a box indicating that this lawsuit relates to labor litigation, *see* Dkt. No. 3 at 6 – which could conjure up a federal question – a complaint that just alludes to federal law does not provide for subject matter jurisdiction under Section 1331 where, like here, the complaint lacks factual allegations showing how federal law applies to a plaintiff's claim. *See, e.g.*, *Smith v. U.S. Air Force*, 566 F.2d 957, 958 (5th Cir. 1978) (per curiam) ("Nowhere in his complaint, or elsewhere in the record, did appellant allege discrimination on the basis of race, color, religion, sex, or national origin, a prerequisite to relief under 42 U.S.C.A. § 2000e et seq. Accordingly, this statute did not furnish the court below with subject matter jurisdiction."); *Mitchell v. Clinkscales*, 253 F. App'x 339, 340 (5th Cir. 2007) (per curiam) ("[A]lthough Mitchell argues that Clinkscales is liable under 42 U.S.C. § 1983, Mitchell does not allege facts demonstrating that Clinkscales acted under color of state law; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of a federal question. [And t]he district court was required to dismiss the complaint." (citation omitted)); *Harrington v. City of Shiner, Tex.*, No. 6:20-cv-00039, 2021 WL 4503013, at *5 (S.D. Tex. Sept. 30, 2021) ("Harrington failed, not in stating conclusory or vague facts to support his Section 1983 claim, but in showing that the Section 1983 claim was not frivolous, insubstantial, or patently without merit given the facts that he *did* allege. Thus, the district court concluded that the claim did not raise a federal question given the lack of a foundation for the Section 1983 claim – that is, an alleged constitutional rights violation – as well as the lack of any factual

allegations that could even imply the applicability of the statute." (discussing prior dismissal by the court; citations omitted)).

## Recommendation

The Court should dismiss this case for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 14, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE